## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**UNION INSULAR DE TRABAJADORES
INDUSTRIALES Y CONSTRUCCIONES
ELECTRICAS, INC.,**
    **Plaintiff,**

    **v.**

**ONELINK COMMUNICATIONS,**
    **Defendant.**

**Civil No. 15-2074 (ADC)**

### OPINION AND ORDER

Before the Court is Unión Insular de Trabajadores Industriales y Construcciones Eléctricas, Inc.'s ("plaintiff" or "UITICE") request for review and vacatur of an arbitration award, **ECF No. 6-1**; Onelink Communications/Liberty Cablevision's ("defendant" or "Liberty") opposition, **ECF No. 7;** plaintiff's reply to defendant's opposition, **ECF No. 15**; and defendant's surreply, **ECF No. 18**. After thoroughly considering the parties' motions and the record as a whole, the Court denies plaintiff's request for vacatur, **ECF No. 6-1**.

## I.     Factual and Procedural Background

Plaintiff is a labor organization representing employees in an industry affecting commerce, and defendant is an employer as defined in the Labor Management Relations Act ("LMRA"). 29 U.S.C. § 152(2). **ECF No. 1** at 1-2. Furthermore, plaintiff is the exclusive bargaining representative of its union employees at defendant company under a collective bargaining agreement ("CBA") including Eufemio Díaz ("Díaz"), who worked for defendant in the position of Technician II. On October 11, 2013, Díaz was informed at a meeting with company

management that he was dismissed from his employment at Liberty. **ECF Nos. 6-9** at 1; **6-13**.

During said meeting, he signed a form titled "Payroll Maintenance Form" that indicated

"termination—liquidate vacation accrued," a copy of which defendant subsequently mailed to

Díaz. **ECF Nos. 6-7** at 2. On that same day, defendant informed plaintiff by telephone of Díaz's

dismissal, and soon thereafter sent a copy of the aforementioned payroll maintenance form and

a cover letter to the president of UITICE and to various union delegates notifying them of Díaz's

dismissal. *Id.* at 1.

On October 21, 2013, plaintiff responded to defendant's notification of Díaz's dismissal,

initiating the first stage of the complaint and grievance process under the CBA. **ECF No. 6-8**.

Specifically, plaintiff alleged to defendant that the latter had violated the CBA's provisions by

not observing seniority rules and by executing an insufficient notification regarding Díaz's

dismissal. *Id*. Defendant denied plaintiff's assertions in a letter of October 25, 2018, and the

parties proceeded through the subsequent stages of the CBA's complaint and grievances process

by means of additional correspondences and a meeting, to no avail. **ECF Nos. 6-9, 6-10, 6-11, 6-**

**12, 6-13**.

On November 15, 2013, plaintiff filed a Request for Designation or Selection of Arbitrator

form before the Puerto Rico Department of Labor and Human Resources ("PRDLHR"). **ECF No.**

**6-5** at 12. In said request, plaintiff indicated that "the company terminated Mr. Eufemio Díaz

without written notification of the termination of employment. Article XI—disciplinary actions

and Article [VIII]—seniority." *Id*. The PRDLHR designated Ms. Maite Alcántara-Mañana as

arbitrator, and the parties' Submission Agreement ("SA") presented to her requested that she "determine whether the company complied with the provisions of Articles XI and VIII of the [CBA] in effect between the parties when dismissal (sic) Mr. Eufemio Díaz Hiciano." **ECF No. 6-6**. In essence, Article XI of the CBA requires that disciplinary actions be notified in writing to the employee, and that copies of the notification be provided to the union and to the corresponding syndical delegates. **ECF Nos. 6-4** at 3; **6-5** at 3-4. Moreover, Article VIII of the CBA establishes that in case of a reduction in force, employees with less seniority within an occupational classification shall be laid off prior to those with more seniority. **ECF No. 6-1** at 5-6. Article VIII of the CBA also provides that employees who are dismissed for just cause lose their seniority rights. **ECF No. 6-5** at 4. The parties also requested in the SA that "[i]f [the arbitrator] understands that there was a violation, that she determine the appropriate remedy according to the law, the documents stipulated by the parties, and the CBA." **ECF No. 6-6**.

Importantly, the parties agree that the reason for Díaz's dismissal in general, and whether or not the same constituted just cause under the CBA and applicable statute in particular, were not submitted to the arbitrator for adjudication. **ECF Nos. 15** at 10-11; **18** at 3. As stated by defendant, "the [u]nion does not question the justification for Mr. Díaz's dismissal, who had been given an extraordinary opportunity on June 21, 2012, with the warning that he should not incur again in any violation of any kind, under penalty of immediate dismissal . . . Therefore, the justification for the dismissal . . . is not in dispute." **ECF Nos. 6-5** at 4-5; **6-12** at 1.

The arbitrator held a hearing at the PRDLHR on January 14, 2015, whereupon the parties stipulated documents and later submitted position briefs to the arbitrator. **ECF Nos. 6-3, 6-4, 6-5**. On June 25, 2015, the arbitrator issued a written decision ("the award") construing the pertinent articles of the CBA in light of the parties contentions and concluding that defendant had complied with Articles VIII and XI of the CBA when it dismissed Díaz. **ECF No. 6-3**. Specifically, the arbritrator held that

> The evidence stipulated by the parties clearly shows that the Company complied with the notification requirement when on October 11, 2013, it delivered to Plaintiff the payroll maintenance document, and he signed it as received. Note that nowhere in the [CBA] does it establish a term to carry out this process, therefore, the mere service of the same represents its compliance. With respect to the issue of seniority presented for our analysis, we must concur with the contention presented by the Company when it indicates to us that the very [CBA] provides that the employee will lose his right to seniority with he is dismissed for just cause; and in the case at issue herein, the reasons why Plaintiff was dismissed have not been questioned by the Union. In fact, there were not brought before our consideration either.

*Id*. at 7.

Based on the above, the arbitrator dismissed the complaint filed by plaintiff before her. *Id*. On July 24, 2015, plaintiff filed a petition before the Puerto Rico Court of First Instance, San Juan Part, to vacate the arbitrator's award dismissing its complaint. **ECF Nos. 1, 6-1**. On August 1, 2015, defendant filed a notice of removal before this Court pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, which establishes federal subject matter jurisdiction as to actions seeking to vacate an arbitration award. **ECF No. 1** at 1-2. Plaintiff has not challenged defendant's removal on jurisdictional grounds. Moreover, upon review of the

parties' motions, it is evident that removal was proper, inasmuch as plaintiff's claim as submitted to, and adjudicated by, the arbitrator, hinges on the interpretation and application of the CBA. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 395-396 (1987); *Allis-Chalmers Corp., v. Lueck*, 471 U.S. 202, 213 (1985).

Accordingly, the Court adjudicates herein plaintiff's request for review and vacatur of the arbitrator's award pursuant to applicable standards. As mentioned above, defendant filed an opposition motion, plaintiff filed a reply to defendant's opposition; and defendant filed a surreply. **ECF Nos. 7, 15, 18**.

## II.    Standard of Review

It is well established that the standard of review applied to arbitration awards is "extremely narrow and exceedingly deferential." *Bangor Gas Co. LLC v. H.Q. Energy Services (U.S.) Inc.*, 695 F.3d 181, 186–87 (1st Cir. 2012) (quoting *Bull HN Info. Sys., Inc. v. Hutson*, 229 F.3d 321, 330 (1st Cir.2000)). Since the Federal Arbitration Act "embodies a national policy favoring arbitration," *id.* (*quoting Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)), the statute provides a narrow set of grounds to vacate an award. The statute provides four grounds to vacate an award: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrator, or either of them; (3) the arbitrator was guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced; or (4) the arbitrator exceeded his/her

powers, or so imperfectly executed them that a mutual, final, and definite award upon the

subject matter submitted was not made. 9 U.S.C. § 10(a). The First Circuit Court of Appeals has

also "recognized a common law ground for vacating arbitration awards that are in " 'manifest

disregard of the law,'" *Bangor Gas Co. LLC*, 695 F.3d at 187 (*quoting McCarthy v. Citigroup Global

Mkts. Inc.*, 463 F.3d 87, 91 (1st Cir. 2006)), but limited its scope to "cases where the award conflicts

with the plain language of the contract or where 'the arbitrator recognized the applicable law,

but ignored it.' " *Id.* (*quoting Gupta v. Cisco Sys., Inc.*, 274 F.3d 1, 3 (1st Cir. 2001)).[1]

Absent the grounds for vacatur summarized above, the reviewing court shall make no

determination as to the correctness or propriety of the arbitration award. The Court shall merely

evaluate whether the arbitrator reasonably construed the pertinent clauses of the CBA. *United

Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987) (holding that if the arbitrator is "even

arguably construing or applying the contract and acting within the scope of his authority," the

court may not overturn the arbitrator's decision.) As the First Circuit Court of Appeals has made

clear, courts may not set aside an arbitration award, even if it is convinced that the arbitrator

committed a serious error of fact or law. *Asociación de Empleados del Estado Libre Asociado de Puerto

Rico v. Unión Internacional de Trabajadores de la Industria de Automóviles, Aereospacio e Implementos*

---

[1] However, the First Circuit has noted that the Supreme Court casts doubt on the manifest-disregard doctrine in *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008). The Supreme Court "'h[e]ld that [9 U.S.C. § 10] . . . provide[s] the FAA's exclusive grounds for expedited vacatur.'" *Id.* at 584 (emphasis added). *Bangor Gas Co. LLC v. H.Q. Energy Services (U.S.) Inc.*, 695 F.3d 181, 187 (1st Cir. 2012). Albeit in dicta, this has caused a circuit split on the grounds that a "manifest disregard of the law is not a valid ground for vacating or modifying an arbitral award in cases brought under the Federal Arbitration Act." *Id.* (quoting *Ramos–Santiago v. United Parcel Serv.*, 524 F.3d 120, 124 n. 3 (1st Cir. 2008)). Since the First Circuit has not overruled the manifest-disregard doctrine, this Court is bound by First Circuit precedent and enumerates all grounds for review of the arbitration award.

*Agrícolas, U.A.W. Local 1850,* 559 F.3d 44, 47 (1st Cir. 2009); *UMass Mem'l Med. Ctr., Inc. v. United Food & Commercial Workers Union, Local 1445,* 527 F.3d 1, 5 (1st Cir. 2008) (*citing Cytyc Corp. v. DEKA Prods. Ltd. P'ship,* 439 F.3d 27, 32 (1st Cir. 2006)). "So far as the arbitrator's decision concerns construction of the [CBA], the courts have no business overruling him because their interpretation of the contract is different from his." *Dorado Beach Hotel Corp. v. Unión de Trabajadores de la Industria Gastronómica de Puerto Rico,* 959 F.2d 2, 4 (1st Cir. 1992) (citations and quotation marks omitted). Likewise, a party's interpretation of the CBA's clauses cannot supplant the arbitrator's criteria, nor can it serve as reasoning to vacate the award. *Id*.

## III. Discussion

The Court wholly incorporates by reference herein the above factual summary to avoid needless repetition. In support of its request for vacatur, plaintiff points to three alleged errors by the arbitrator. First, according to plaintiff, the arbitrator's conclusion that defendant had complied with the notification requirements under the CBA when it notified Díaz of his dismissal is contrary to the requirements of the CBA and Puerto Rico Act No. 80, P.R. Laws Ann. tit. 29, § 185a et. seq. ("Law 80"). Specifically, plaintiff avers that the Payroll Maintenance Form was inadequate as a means to notify Díaz of his dismissal, "since it was insufficient to determine the reasons for the termination and activate the displacement due to seniority mechanism." **ECF No. 6-1** at 18. Furthermore, plaintiff asserts that "the notification was inadequate and insufficient to place the employee [in] a position to prepare his defense given certain facts and certain rules of conduct allegedly violated by [Díaz]." *Id*. Defendant asserts that Article XI of the CBA does

not establish specific content requirements regarding the notification of dismissal, and neither

does Law 80 in relation to private-sector employment. **ECF No. 7** at 9-10. In her award, the

arbitrator expounded her interpretation of the CBA's Article XI regarding notification of

dismissal, and applying it to the instant case, held that the dismissal notification in question had

been sufficient.[2] **ECF No. 6-3** at 3-7. The Court hereby finds that the arbitrator reasonably

construed the aforementioned Article XI of the CBA in relation to question before her. Thus, the

arbitrator's interpretation of Article XI and adjudication as to the sufficiency of the notification

of Díaz's termination in light of the same do not warrant vacatur under any legal ground.

Second, plaintiff contends that the arbitrator "erred in concluding that the dismissal was

justified and concurring with the Company that the very [CBA] provides that the employee [ ]

lost his right to seniority [when] he was dismissed for just cause, when the employer is the one

with the burden of proof to support the just cause for the dismissal." **ECF No. 6-1** at 7. Defendant

asserts that the arbitrator did not adjudicate whether Díaz's dismissal was for just cause,

---

[2]      Specifically, the arbitrator held as follows:

The Collective Bargaining Agreement provides, in its Article XI, Subparagraph A, that an employee who commits a non-serious offense will be notified in writing with a copy to the delegates and to the Union.  Similarly, Subparagraph C provides that the Union may only submit to the Complaints and Grievance Procedure complaints relative to a second warning, the suspension or dismissal of a worker. Finally, Subparagraph G provides that any written warning given by a member of management to a union member must be delivered in private and a copy of the same must be given to the delegate and to the Union. The evidence stipulated by the parties clearly shows that the Company complied with the notification requirement when on October 11, 2013, it delivered to Plaintiff the payroll maintenance document, and he signed it as received. Note that nowhere in the Agreement does it establish a term to carry out this process, therefore, the mere service of the same represents its compliance.

**ECF No. 6-3** at 6-7.

inasmuch as the cause of Díaz's dismissal was never in dispute in this matter, for which the parties voluntarily opted not to submit that issue before the arbitrator. **ECF No. 7** at 1-3, 7-9. Additionally, defendant contends that since the cause for Díaz's dismissal was not in dispute in this arbitration matter, defendant did not carry the burden to establish that Díaz's dismissal was for just cause pursuant to Law 80 precepts.[3]

As summarized above, the arbitrator expressly stated in the award that the parties did not submit for her consideration the reasons for Díaz's dismissal. **ECF No 6-3** at 7. Accordingly, the arbitrator considered Article VIII of the CBA, highlighted that under the same, an employee loses his/her seniority rights when dismissed for just cause, and held that in the case of Díaz, he had lost his seniority rights upon being dismissed insofar as the cause of his dismissal was not in dispute. *Id.* Thus, clearly, the award does not comprise an adjudication as to the cause of Díaz's dismissal, and as such, the arbitrator did not exceed her authority. Moreover, the Court hereby deems as reasonable the arbitrator's interpretation of Article VIII of the CBA as to the question of seniority rights submitted before her in relation to Díaz's dismissal, and holds that there are is no legal justification to vacate her decision in that respect.

The third error asserted by plaintiff is that the arbitrator "erred in not resolving the dispute submitted for her consideration." **ECF No. 6-1** at 7. Defendant opposed plaintiff's

---

[3] Generally, under Law 80, the employee carries the burden to establish that he/she was dismissed, and that his/her dismissal was not for just cause as defined under said statute. P.R. Laws Ann. tit. 29, § 185k; *Pérez v. Horizon Lines, Inc.*, 804 F.3d 1, 9 (1st Cir. 21015); *Alvarez-Fonseca v. Pepsi Cola of P.R. Bottling Co.*, 152 F.3d 17, 28 (1st Cir. 1998). Only then does the burden shift to the employer to prove that the dismissal in question was for just cause. *Id.*

contention, arguing that "the controversy presented to the arbitrator was limited to an interpretation of the CBA and was addressed in its entirety." **ECF No. 7** at 6-9. This issue does not warrant much discussion—a review of the arbitrator's award evidences a succinct decision that is circumscribed to addressing the issues submitted by the parties for arbitration, as summarized above. **ECF No. 6-3**. Specifically, the arbitrator adjudicated whether defendant "complied with the provisions of Articles XI and VIII of the [CBA] when dismissing Mr. Eufemio Díaz Hiciano." *Id.* at 7. And given that the arbitrator concluded that defendant had complied with the provisions of the aforementioned articles, it was unnecessary to adjudicate the second prong of the issue submitted by the parties—the appropriate remedy in case that the arbitrator held that defendant had violated the articles in question. Thus, the third error alleged by plaintiff was not committed.

**VI.    Conclusion**

In light of the foregoing, plaintiff's request for review and vacatur of an arbitration award, **ECF No. 6-1,** is **DENIED**, and the instant case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter final judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 27th day of September, 2018.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**
